**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BERNELL FLORENZ BUTLER JR.,  ) Case No. EDCV 14-1454-JAK (JPR)
                                     )
                Petitioner,  )
                                     ) ORDER ACCEPTING FINDINGS AND
              vs.  ) RECOMMENDATIONS OF U.S.
                                     ) MAGISTRATE JUDGE
J. SOTO, Warden,  )
                                     )
                Respondent.  )
                                     )

     The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge ("R&R"). See 28 U.S.C. § 636. On July 23, 2015, Petitioner filed objections to the R&R, in which he repeats arguments from the Petition and Reply.

     Regarding his false-evidence claim, Petitioner asserts that the R&R "omits the most critical fact" allegedly proving that the blood-stained newspaper was planted in the trailer — that is, the bar-code number assigned to it by the Riverside County Sheriff's Department purportedly shows that it could not have been collected and booked into evidence two days after the robbery, on October 3, 2007, as the prosecution contended. (Objections at 6;

see Pet. Mem. P. & A. at 99, 104-05.)  The R&R addressed in detail many purported inconsistencies in the evidence concerning the newspaper: the forensic technician's failure to see, photograph, or collect the newspaper the day of the crime, Deputy Whitford's failure to mention in his report that he saw the newspaper in the trailer, the two days that passed before the newspaper was collected and booked into evidence, and the blank space in the "location found" field on the brown paper bag containing the blood-stained newspaper.  (See R&R at 41-44.)  The Magistrate Judge found that none of these allegations showed that the blood-stained-newspaper evidence was actually false.  (R&R at 41.)  Petitioner's objection concerning the bar-code numbers does not undermine the Magistrate Judge's conclusion.  Although the blood-stained newspaper's bar-code number (see Pet. Mem. P. & A., Ex. G) was apparently lower than the bar-code numbers of shell casings that were booked into evidence on October 1 (see id., Ex. H) and October 2, 2007 (see id., Ex. I), it was also higher than the bar-code numbers of other evidence booked on October 2 (see id., Ex. J).  Thus, the bar-code-numbered evidence stickers are apparently not always used in numerical order and do not prove that the newspaper was tampered with or planted.

As to his due process claim involving the chain of custody of the blood-stained newspaper, Petitioner asserts that the Magistrate Judge "repeatedly omit[ted] consideration of facts in the record."  (Objections at 3.)  But as the Magistrate Judge explained (see R&R at 18), "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Thus,

the Magistrate Judge properly considered whether admission of the blood-stained newspaper rendered Petitioner's trial fundamentally unfair (R&R at 19-20), not whether the newspaper was properly admitted into evidence under state law (<u>see</u> R&R at 18).  And in any event, the Magistrate Judge extensively discussed the "facts in the record" in the section of the R&R rejecting his false-evidence claim (<u>see</u> R&R at 41-44), as discussed above.

Petitioner also contends that the R&R erroneously "asserts" that "the bloody newspaper was photographed in the trailer." (Objections at 1 (citing R&R at 16).)  In fact, that portion of the R&R simply quotes the decision of the state Court of Appeal. decision.  (<u>See</u> R&R at 16.)  In the R&R the Magistrate Judge does not assert that a photograph of the newspaper in the trailer existed or rely on that "fact."  Indeed, as noted above, the Magistrate Judge discussed the forensic technician's failure to see or photograph the newspaper in the trailer on the day of the robbery.  (<u>See</u> R&R at 42-43.)

As to his sufficiency-of-the-evidence claim, Petitioner objects that "the state supreme court did not assert it reviewed the entire record when denying [the] state petition in a one line denial."  (Objections at 4.)  But as the Magistrate Judge correctly observed (R&R at 14), the summary denial by the state Supreme Court is presumed to have been an adjudication on the merits, <u>see</u> <u>Harrington v. Richter</u>, 562 U.S. 86, 98-100 (2011), and the Magistrate Judge properly conducted an independent review of the record to determine whether that denial was objectively unreasonable (R&R at 27-28); <u>see</u> <u>Haney v. Adams</u>, 641 F.3d 1168, 1171 (9th Cir. 2011).  Thus, it does not matter whether in

denying Petitioner's state habeas petition the state Supreme Court asserted that it had reviewed the entire record.

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.  IT IS ORDERED that the Petition is denied, Petitioner's request for an evidentiary hearing is denied, and Judgment be entered dismissing this action with prejudice.

DATED:     8/21/15

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE